**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**DANIEL M. DUTKA,**
                      **Plaintiff**

**v.**                                                        **Civil Action No.**
                                                                **3:05CV429-J**

**JO ANNE B. BARNHART, Commissioner**
 **Social Security Administration,**
                      **Defendant**

**MEMORANDUM OPINION**

This case presents plaintiff Daniel Dutka's challenge to the decision of the Commissioner denying his claim to Disability Insurance Benefits. After examining the materials of record, the arguments of the parties and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be affirmed.

Mr. Dutka filed his application in December of 2003, alleging that he had been unable to engage in any substantial gainful employment since August of 2003. After a hearing, the Administrative Law Judge ("ALJ") determined that Mr. Dutka suffered from severe impairments that prevented him from performing any of his past relevant work. However, the ALJ further found that Mr. Dutka retained the residual functional capacity for a significant range of light and sedentary jobs. This became the decision of the Commissioner when the Appeals Council denied review

If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. <u>Studaway v. Secretary of HHS</u>, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial

evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991). The Court's obligation to affirm in such a case exists regardless of whether we would resolve the disputed issues of fact differently, and regardless of whether there exists substantial evidence to support the opposite conclusion. Stanley v. Secretary, 39 F.3d 115 (6th Cir. 1994), Tyra v. Secretary, 896 F.2d 1024 (6th Cir. 1990), Mullen v Brown, 800 F.2d 535, 545 (6th Cir. 1986).

Mr. Dutka contends that the ALJ erred in determining that he did not have an impairment that meets or equals that listed in number 1.02 of 20 C.F.R. Part 404, Subpart P, Appendix 1(the "Listings"). 20 C.F.R. § 416.924. Listing 1.02 requires a showing of major dysfunction of a joint, characterized by (1) gross deformity, (2) chronic joint pain and stiffness, (3) limitation of motion, (4) joint space narrowing, bony destruction, or ankylosis, and (5) extreme limitation of the ability to walk.

Plaintiff bears the burden of proving that he meets or equals the Listing. Burress v. Secretary, 835 F.2d 139 (6th Cir. 1987). He must present specific medical information to satisfy all of the Listing criteria. 20 C.F.R. Sec. 416.925. Listings are to be interpreted very strictly, and the plaintiff must establish the existence of all elements of the Listing. Foster v. Halter, 279 F.3d 348 (6th Cir. 2001), Hale v. Secretary, 816 F.2d 1078 (6th Cir. 1987). He cannot show that he "equals" a Listing simply by showing overall functional impact of his condition; "equivalence" is a test used only when the claimant's impairment is unlisted, and it is satisfied only by presenting medical evidence of findings "equal in severity to *all* the criteria for the one most similar impairment." Sullivan v. Zebley, 493 U.S. 521, 531 (1990).

In this case, Mr. Dutka showed that he experienced pain on walking, but he failed to

show, e.g., inability to walk without the use of two crutches or two canes. To the contrary, the record reflects that Mr. Dutka could walk without assistive devices, albeit with a "marked limp." Tr. 86. Inability to walk or stand *for prolonged periods* is not the same as inability to walk without two crutches or two canes.

Mr. Dutka next argues that substantial evidence fails to support the ALJ's credibility determination with respect to Mr. Dutka's pain allegations. While pain may support a claim of disability, the claimant's subjective assertions are not sufficient. 20 C.F.R. Sec. 404.1529(a), King v. Heckler, 742 F.2d 968, 974 (6th Cir. 1984). If there is objective medical evidence of an underlying medical condition, the ALJ is required to determine whether objective medical evidence confirms the severity of the alleged pain, or whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain. Stanley v. Secretary, 39 F.3d 115, 117 (6th Cir. 1994), Felisky v. Bowen, 35 F.3d 1027 (6th Cir. 1994), Jones v. Secretary, 945 F.2d 1365, 1369 (6th Cir. 1991); Duncan v. Secretary, 801 F.2d 847, 853 (6th Cir. 1986). The ALJ may consider muscle spasms, atrophy, reflex abnormalities, neurological deficits, loss of sensation, household and social activities as well as the type of medication used to alleviate the pain. 20 C.F.R. 416.929(c)(3); Jones, supra, at 1370; Blacha v. Secretary, 927 F.2d 228, 231 (6th Cir. 1990).

A significant consideration in the evaluation of pain is the credibility of the claimant, given that tolerance of pain is very much an individual matter. Villareal v. Secretary, 818 F.2d 461, 463 (6th Cir. 1987). "Determination of credibility related to subjective complaints of pain rests with the ALJ and the ALJ's opportunity to observe the demeanor of the claimant ... is invaluable and should not be discarded lightly." Gaffney v. Bowen, 825 F.2d 98, 101 (6th Cir.

3

1987). An "ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other." Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir. 1990). Stated another way, "discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." Walters v. Commissioner, 127 F.3d 525, 532 (6th Cir. 1997).

Nonetheless, the ALJ's credibility assessment must be supported by substantial evidence. Walters v. Commissioner, 127 F.3d 525 (6th Cir. 1997). Furthermore, if the ALJ rejects the claimant's testimony as not credible, he or she must state reasons for doing so. Auer v. Secretary, 830 F.2d 594, 595 (6th Cir. 1987). In this case, the ALJ noted that Mr. Dutka had a history of non-compliance with medical treatment and prescribed diet, that he was overweight and sedentary, and that his pain was not so severe as to result in his spending his money on medication instead of on cigarettes and alcohol. The ALJ also noted that Mr. Dutka did not claim to be unable to get around, but only that he needed to use a cane. The ALJ noted the medical records that advised Mr. Dutka to avoid "prolonged" standing or walking. The Court finds no error in the ALJ's analysis.